## COPLEY v STATE OF FLORIDA
### Case No. CJAP 90-106
Ninth Judicial Circuit, Orange County
March 28, 1991

### APPEARANCES OF COUNSEL

**Adam B. Reiss, Esquire,** for appellant.

**Paula C. Coffman, Esquire,** Assistant State Attorney, for appellee.

Before RICHARD F. CONRAD, Circuit Judge.

### OPINION OF THE COURT

Pursuant to Rule 9.320, Fla.R.App.P., the Court hereby dispenses with oral argument.

Appellant, CHRISTIAN JAMES COPLEY, seeks review of the trial court's denial of his Motion to Dismiss the information charging him with loitering and prowling and resisting an officer without violence to

his person. The Appellant entered his plea of no contest and reserved his right to appeal.

At approximately 3:20 AM on October 19, 1990, an Orange County Deputy Sheriff observed the Appellant in the area of Building One at the Chatham Landings Apartment in Orange County, Florida. Once the Appellant observed the deputy he crouched down behind cars parked in the south parking lot of Building One. When the deputy approached, the Appellant began running, jumped over a six foot wooden fence and after a somewhat protracted chase, was apprehended.

Based upon the facts of this case, this Court is of the opinion that both of the requirements set forth by the Florida Legislature in Florida Statute 856.021(1), loitering and prowling statute, has been established. This statute provides:

"(1) The defendant loitered or prowled in a place, at a time, or in a manner not usual for law abiding individuals;

(2) Such loitering and prowling were under circumstance that warrant justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity."

According to Florida Courts, there is a requirement that for probable cause to exist the suspect must not only be acting in an unusual or suspicious manner, but under circumstances that warrant a justifiable and immediate concern for the safety of persons or property in the area.

The facts in this case satisfy these two requirements.

The order of the trial court denying Appellant's Motion to Dismiss is hereby AFFIRMED. No petitions for rehearing will be entertained and the Clerk shall issue MANDATE forthwith.